1  DAVID J. KAMINSKI (State Bar No. 128509)
   kaminskd@cmtlaw.com
2  LARISSA G. NEFULDA (State Bar No. 201903)
   nefuldal@cmtlaw.com
3  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
4  Los Angeles, California 90045
   (310) 242-2200 Telephone
5  (310) 242-2222 Facsimile

6  Attorneys for Defendant,
   ERICA L. BRACHFELD, A.P.C., erroneously
7  sued as BRACHFELD AND ASSOCIATES

8
                IN THE UNITED STATES DISTRICT COURT
9
              FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | ALISA ANN CIPRIANO,              ) CASE NO. CV09-1899 FMC (FFMx)
                                      )
12 |             Plaintiff,            ) **JOINT RULE 26(f) REPORT**
                                      )
13 |       vs.                        )
                                      ) Scheduling Conference: June 22, 2009
14 |                                  ) Time: 9:00 a.m.
   | BRACHFELD AND                    ) Courtroom: 750
15 | ASSOCIATES,                      )
                                      )
16 |             Defendant.           )
                                      )
17                                    )
                                      ) Judge Florence-Marie Cooper
18                                    )
                                      )
19                                    )

20         Plaintiff ALISA ANN CIPRIANO and Defendant ERICA L. BRACHFELD,
21 APC jointly submit this report in accordance with Rule 26(f) of the Federal Rules of
22 Civil Procedure.
23 **1.    List of the parties in the case, including any parent corporations or
24        entities:**
25        Plaintiff Alisa Ann Cipriano and Defendant Erica L. Brachfeld, APC.
26 / / /
27 / / /
28

**2.     A short statement of the nature of the case (3 pages or less):**

Plaintiff - Plaintiffs alleges that Defendant violated the FDCPA and the RFDCPA by engaging in unlawful collection practices. Specifically, Plaintiff alleges that Defendant constantly and continuously placed collection calls to Plaintiff on a debt Plaintiff does not owe. Defendant also threatened to file a lawsuit and garnish Plaintiffs wages while seeking and demanding payment. Plaintiff notified Defendant that she had been a victim of identity theft and she did not owe the debt that Defendant was attempting to collect. Regardless, collection attempts continued. Finally, Defendant failed to provide Plaintiff with a 30 day validation and Defendant solicited a post dated check by more than 5 days and failed to provide written notice 3 days prior of Defendants intent to cash said check.

Defendant - Defendant lawfully attempted to collect a debt incurred by the Plaintiff. Defendant's actions were in good faith and consistent with all applicable laws.

**3.     The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes:**

Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692.

**4.     Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared:**

All parties have been served in this case.

**5.     A statement of whether any party expects to add additional parties to the case or otherwise to amend or supplement pleadings (the Court will set a deadline of not later than 60 days after the Case Management Conference to join parties and amend or supplement pleadings):**

No additional parties will be added to the case. The parties do not intend to

CARLSON & MESSER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

amend or supplement the pleadings.

**6.    A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705):**

The parties do not presently anticipate filing any motions.

**7.    Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

Plaintiff has no objections to a United States Magistrate Judge for a settlement conference or trial. Defendant will only stipulate to a United States Magistrate Judge for a settlement conference, and not trial.

**8.    The status of related cases pending before other courts or other judges of this court:** There are no related cases.

**9.    A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures:**

The parties will exchange Initial Disclosures by June 25, 2009.

**10.   A discussion of necessary discovery, including:**

    a.  **The extent, nature, and location of discovery anticipated by the parties;**

    b.  **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2;**

    c.  **The number of hours permitted for each deposition, unless extended by agreement of the parties.**

Discovery will be conducted in accordance with the Federal Rules of Civil Procedure.

///

///

///

05877.00/154833

JOINT RULE 26(f) REPORT
28 U.S.C. § 1441(b) (FEDERAL QUESTION)

1  **11.    Proposed specific dates for each of the following:**
2       a.     A deadline for the completion of fact discovery - <u>February 22, 2010</u>
3       b.     Dates for full and complete expert disclosures under Federal Rule
4              of Civil Procedure 26(a)(2)(A)-(C) - <u>December 7, 2009 (Plaintiff's
5              Disclosures), January 7, 2010 (Defendant's Disclosures) and February
6              8, 2010 (Supplemental Disclosures)</u>
7       c.     A deadline for completion of all expert depositions - <u>March 3, 2010</u>
8       d.     A deadline for filing dispositive motions - <u>March 31, 2010</u>
9  **12.    Whether a jury trial has been requested and whether the request for a**
10 **jury trial is contested (if the request is contested, briefly set forth the reasons):**
11      Jury trial has been requested.
12 **13.    The estimated length of trial and any suggestions for shortening the trial:**
13      The parties request a trial date in May 3, 2010.  The parties anticipate the trial
14 will last 2-3 days.
15 **14.    The prospects for settlement, including any request of the Court for**
16 **assistance in settlement efforts:**
17      Plaintiff and Defendant have engaged in settlement negotiations.  Additional
18 settlement negotiations may be fruitful after initial discovery is complete.
19 / / /
20 / / /
21 / / /

4

05877.00/154833

JOINT RULE 26(f) REPORT
28 U.S.C. § 1441(b) (FEDERAL QUESTION)

**15.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal rule of Civil Procedure 1:**

There are no other matters.

DATED: June 12, 2009                KROHN & MOSS, LTD.


By  /s/ Ryan Lee
    Ryan Lee
    Attorneys for Plaintiff,
    ALISA ANN CIPRIANO

DATED: June 12, 2009                CARLSON & MESSER LLP

By  /s/ David J. Kaminski
    David J. Kaminski
    Larissa G. Nefulda
    Attorneys for Defendant,
    ERICA L. BRACHFELD, APC

05877.00/154833                                JOINT RULE 26(f) REPORT
                                               28 U.S.C. § 1441(b) (FEDERAL QUESTION)